[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marc Mittaud, age 33, and the defendant, Mary Mittaud, age 38, whose maiden name was Mary A. Palmer, were married at Cornwall, Connecticut on June 15, 1980. There are two minor children issue of the marriage, Lara Danielle Mittaud, born September 4, 1981 and Lucien Royer Mittaud, born November 15, 1983. Each party has filed a complaint for dissolution of the marriage on the grounds of irretrievable breakdown.
From the evidence, it is apparent that the marriage was fairly stable until 1985 at which time the parties began to grow apart. The plaintiff, with his wife's acquiescence entered in the national guard. He was previously interested in the air division and did well in this chosen endeavor. While in training, his wife joined him in Georgia with the children, during which time the plaintiff's mother ran the day to day activities of the Falls Village Building and Masonry Supply, Inc. company.
The plaintiff claims that his wife has a violent temper which increased in 1987. He claims that she called him self centered, a homosexual and was derogatory in front of the children. The defendant claims that her husband was self centered and was of little assistance with the care of the children. He turned over all financial bookkeeping to his wife which was agreeable until the relationship deteriorated to the point where divorce was contemplated. Subsequent to the separation, Mr. Mittaud has been seeing another woman on a regular basis.
Although not specifically mentioned by either party, it would appear that finances have contributed to the breakup. The plaintiff is a college graduate, hard working who has labored on homes owned by the parties, but apparently has not made substantial money. At the present time he is unemployed due to a motorcycle accident. On the other hand, the defendant, a high school graduate, is a qualified paralegal with a real estate certificate, although not licensed. At the present time she earns $869.20 per week with a net of $660.02. At the time of the marriage, Mrs. Mittaud owned property at 43 Dublin Road which she had purchased from her father for $12,000.00.
Due to their inability to get along, the plaintiff has been arrested three times and the defendant twice. It became necessary to the parties to separate with the plaintiff residing at 43 Dublin Road and the CT Page 8063 defendant at 62 Dublin Road. It is apparent that the marriage has broken down irretrievably. It would appear that the plaintiff's lack of concern for the family started things in motion and thereafter continued by the defendant fueling the fire.
The property located at 43 Dublin Road is owned solely by the defendant and has a value of approximately $150,000.00, with a mortgage of $38,000.00. This property contains a garage which is used by the defendant for his construction work. The parties own jointly 62 Dublin Road where the defendant and the children reside. It has a value of approximately the same amount, $150,000.00, with a mortgage of $108,000.00. The parties have stocks with an approximate value of $10,000.00. There are also antique automobiles owned by the plaintiff as well as construction equipment. He shows liabilities of over $40,000.00, some of which are recoverable from his motorcycle accident.
Over the years, the parties have refinanced the 62 Dublin Road property using the proceeds to pay off loans, debts, purchase an automobile for the defendant, life insurance on her life, taxes, investments and living expenses. In addition $24,000.00 was used to purchase a backhoe for the plaintiff's business.
The parties have agreed to joint custody of the minor children. However, the wife objects to the husband residing on the same street where she lives. While the evidence raises some question as to whether joint custody will be workable in this case, in view of the parties agreement and the recommendations of the children's attorney, the court will accept their agreement. In view of that, there is no reason to require the plaintiff to vacate the home on 62 Dublin Road.
Based upon the evidence, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The parties shall have joint custody of the minor children, Lara Danielle Mittaud, born September 4, 1981 and Lucien Roger Mittaud, born November 15, 1983. The minor children shall reside primarily with their mother, Mary A. Mittaud, and the father shall have the right of reasonable, liberal and flexible visitation subject to the children's schedules and medical appointments and similar commitments, including at a minimum specifically Wednesday afternoons during the school year from the end of the school day until 7:00 p.m. and alternating weekends from 5:00 p.m. Friday after to 6:00 p.m. Sunday evening.
3. The plaintiff father shall be responsible for picking up and returning the minor children in exercising his right of visitation, and he shall give 24 hours prior notice if he does not intend to have the minor children for any previously scheduled period. CT Page 8064
4. The plaintiff and defendant shall divide equally all unreimbursed medical and dental, including orthodontia expenses incurred for the benefit of the minor children. Except in the case of an emergency, neither party shall incur unreimbursed medical expenses for the benefit of the minor children without notifying the other, except routine office visits for minor illnesses may be made without the necessity of giving prior notice.
5. The plaintiff shall within seven days notify the defendant when he resumes employment. If medical and health insurance becomes available to either party without additional cost through his or her employment, each party shall name the minor children as additional insureds thereunder as allowed by law.
6. The children are to have liberal phone contact with their parents with privacy. Neither parent is to permanently remove the children from the State of Connecticut without further court order. There are to be no verbal or physical confrontations in the children's presence. Neither parent is to make derogatory remarks about the other parent in the child's presence. The parents are particularly cautioned against making any remarks to the children regarding any court proceedings. The parents are to continue in counseling as recommended by the therapists.
7. The defendant shall have the right to claim each of the minor children as additional exemptions on her personal state and federal income tax returns, so long as she or he is living primarily with defendant, and plaintiff shall execute any waivers that may be necessary or required by the Internal Revenue Service in such cases.
8. The plaintiff shall transfer his interest in the jointly owned property at 62 Dublin Road, Falls Village, Connecticut to the defendant. The defendant shall hereafter be responsible for all expenses related to the ownership of said property, including without limitation taxes, insurance, mortgages, utility service, repairs and maintenance, and compliance with applicable laws, regulations and ordinances, and defendant shall indemnify and hold plaintiff harmless therefrom. The defendant shall be entitled to all the incidents of ownership of said property and plaintiff shall have no further interest therein.
9. The defendant shall transfer to the plaintiff all of her right, title and interest in 43 Dublin Road, Falls Village and the plaintiff shall hold the defendant harmless on any mortgages, taxes, insurance, etc. thereon. In addition he shall comply with applicable laws, regulations and ordinances, and the plaintiff shall indemnify and hold the defendant harmless therefrom. The plaintiff shall be entitled to all the incidents of ownership of said property and defendant shall have no further interest therein.
10. In view of the discrepancy of the mortgage obligations on the respective properties, the plaintiff shall execute a mortgage to the CT Page 8065 defendant on 43 Dublin Road in the amount of $36,000.00 with interest at eight percent per annum payable at the rate of $500.00 per month plus interest commencing January 1, 1992, together with the usual covenants concerning collection.
11. The plaintiff shall be entitled to all personal property located at 43 Dublin Road. The defendant shall be entitled to all personal property located at 62 Dublin Road with the exception of property listed on Schedule A, which property shall be removed without thirty days or be considered abandoned.
12. The parties shall pay the delinquent Bank Mart charges in the amount of $4,056.37 from the joint funds. The plaintiff and defendant shall divide equally their joint accounts after payment of the Bank Mart charges, i.e. Prudential Mutual Fund Services, Dreyfus and GT Global Mutual Funds, of an approximate value of $10,619.42.
14. The defendant shall assign and transfer to plaintiff any interest she has in Falls Village Building and Masonry Supply, Inc., including any debt owed to her, and defendant shall resign any position she may hold in said corporation, and he shall be responsible hereafter for all liabilities of the corporation and shall hold defendant harmless therefrom.
15. Defendant shall assign to plaintiff any interest she may have in any equipment, motor vehicles or other assets used in the operation of Falls Village Building and Masonry Supply, Inc. All such items located at 43 Dublin Road shall be removed therefrom within sixty (60) days of the date of the decree of dissolution.
16. The plaintiff shall have exclusive title and ownership of the motor vehicles jointly or individually owned by the parties, except the 1987 Honda automobile, which shall belong to defendant. The parties shall execute such documents as are necessary to transfer title to any such vehicles within thirty (30) days of the date of the decree of dissolution.
17. The plaintiff shall retain ownership of all tools, automobile parts, and other property stored at 43 Dublin Road and the 1972 F-350 dump truck from 62 Dublin Road.
18. Each party shall retain any pension benefits and life insurance policies to which he or she may be entitled, and neither party shall make any claim with respect thereto.
A decree dissolving the marriage may enter accordingly.
PICKETT, J.
SCHEDULE A
Motorcycle helmets CT Page 8066 Bag with belt and paint cans 35 MM camera Antique bottles Chess set console Television Encyclopedias Records One ebony rhino 3 bottle books inert shell seven other books Brass spitoon paper cutter tennis raquet U.S. Flag Boxes in closet, Army training books Travel iron Poster Alarm Clock Man's jewelry Crowbar Ladders, small Truck tool box Tires Coin and stamp collection (if she can locate) Cassettes Bluestone F-350 wreck